THOMPSON *v.* MAUGH.

In a settlement between an administrator and a creditor of the estate, the administrator gave his individual note in satisfaction, due in nine months; held that the consideration was sufficient to justify a recovery against the maker ; held also, that the transaction was an admission of assets in the hands of the administrator.

The act of giving a note is *prima facie* evidence of consideration.

ERROR *to Jackson District Court.*

*Opinion by* GREENE, J.    Maugh sued Thompson before a justice of the peace on a note of twenty-five dollars, " for services rendered to James Donaldson, deceased." Plaintiff

Thompson v. Maugh.

got judgment for the amount of the note. Defendant took the case to the district court by *certiorari*, and moved the court to reverse the judgment of the justice, on the ground that no consideration was given by plaintiff for the note. Motion overruled, and this ruling is brought up for correction as error.

It appears that the note was given by Thompson, as administrator of the estate of Donaldson, and hence it is assumed that there could be no consideration to Thompson, the maker of the note. It seems that there was a statement of accounts between the parties and that the amount of the note was found to be due from the estate to Maugh. To satisfy that claim *then due* against the estate the administrator gave his individual note due in nine months. The administrator having satisfied that claim against the estate, would, in the ordinary course of business, be likely to charge the amount over to the estate. This transaction in connection with the forbearance, in extending the time of payment, became a sufficient consideration for the note.

The nature of this transaction—the willingness of the administrator to give his own note upon a forbearance of nine months time—very strongly implies an admission of assets in his hands belonging to the estate.

Where an administrator submits to an arbitration it has been regarded as an admission of assets. *B'k of Troy v. Topping*, 13 Wend. 557; 2 Greenl. Ev. § 374; Story on P. Notes, §§ 53, 181.

If a mere submission to arbitration is an admission of assets, is it not *afortiori* where the administrator gives his own obligation for the claim against the estate?

The very act of giving a note is *prima facie* evidence of a consideration, and every legal intendment will favor such consideration until the contrary is proved. In this case there is no suchcontrary proof; but there is much in all the

circumstances to favor the legal presumption of consideration.

Judgment affirmed.

*F. Bangs*, for plaintiff in error.

*P. Smith* and *J. Kelso*, for defendant.